1147



# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

August 26, 1957

Mr. Joe L. Cox
District Attorney
Plainview, Texas

Opinion No. WW-246

Re: Whether a member of the
Board of Trustees of
the Plainview Independent
School District would be
qualified to serve as a
Director of the Canadian
River Municipal Water
Authority and related
question.

Dear Mr. Cox:

Your letter, dated August 12th, requests an
opinion of this office on the following two questions:

1. May a member of the Board of Trustees of the
Plainview Independent School District also serve as a
Director of the Canadian River Municipal Water Authority?

2. May a member of the Board of Directors of
Texas Technological College also serve as a Director of
the Canadian River Municipal Water Authority?

Section 40 of Article XVI of the Constitution of
Texas provides, in part, as follows:

"No person shall hold or exercise, at the
same time, more than one Civil Office of
emolument, . . . "

Each of the three offices involved herein are
clearly "Civil Offices" within the meaning of the foregoing
constitutional provision. Attorney General's Opinion No.
0-490 (1939); Thomas, et al v. Abernathy County Line Indepen-
dent School District, et al, 278 S.W. 312; 34 Tex. Jur. 323;
Attorney General's Opinion No. 0-5157 (1943). It remains
for us to consider whether same are "Civil Offices of
emolument".

The term "emolument" means a pecuniary profit,
gain or advantage. Irwin v. State, 177 S.W. 970; 34 Tex.
Jur. 349.

Section 5(b) of Senate Bill No. 126, Acts of the 53rd Legislature, Regular Session, 1953, chapter 243, p. 616, provides that members of the Board of Directors of the Canadian River Municipal Water Authority shall each receive a fee of $20.00 for attending each meeting of the Board, provided that not more than $40.00 shall be paid to any director for meetings held in any calendar month. On the other hand, neither salary, per diem nor other pecuniary profit, gain or advantage is provided by law for members of the Board of Directors of Texas Technological College nor for members of the Board of Trustees of the Plainview Independent School District.

In view of the foregoing we conclude:

1. A member of the Board of Directors of the Canadian River Municipal Water Authority holds a Civil Office of emolument within the meaning of Section 40 of Article XVI of the Constitution of Texas, and hence, at the same time may not hold another "Civil Office of emolument".

2. A member of the Board of Directors of Texas Technological College, as well as a member of the Board of Trustees of the Plainview Independent School District, while holding "Civil Offices" do not hold "Civil Offices of emolument" as the latter term is hereinabove defined within the meaning of the Constitution.

3. Since a member of the Board of Directors of Texas Technological College and a member of the Board of Trustees of the Plainview Independent School District, each serving at the same time as a member of the Board of Directors of the Canadian River Municipal Water Authority, would not be holding more than one "Civil Office of emolument", such dual office holding would not be prohibited by Section 40 of Article XVI of the Constitution of Texas.

In addition, we think there is no common law incompatibility involved between the duties of the respective offices.

## SUMMARY

A member of the Board of Trustees of the Plainview Independent School District and a member of the Board of Directors of

Texas Technological College may each,
at the same time, serve as a member of
the Board of Directors of the Canadian
River Municipal Water Authority.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Leonard Passmore*
Leonard Passmore
Assistant

LP:pf:jl

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman

Mary Kate Wall

Roger Daily

Wm. R. Hemphill

REVIEWED FOR THE ATTORNEY GENERAL
BY:

Geo. P. Blackburn